IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **VIRGINIA SHERRER,** | ) |
| **Plaintiff,** | ) |
| v. | ) CIVIL ACTION 08-0504-WS-M |
| **ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, et al.,** | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on its sua sponte review of its subject matter jurisdiction.  As set forth in a previous order, (Doc. 13), defendant Allianz Life Insurance Company of North America ("Allianz") removed this action on the basis of diversity of citizenship.  (Doc. 1).  Among Allianz's four co-defendants are two individuals who, like the plaintiff, are citizens of Alabama.  Allianz maintains that the Court may overlook their citizenship because, at the time it removed the action, the plaintiff had filed a motion to dismiss these defendants.

"[T]he district court must determine whether it had subject matter jurisdiction at the time of removal."  *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287, 1291 n.2 (11th Cir. 2000), *overruled in part on other grounds, Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007); *accord Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[F]or purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal ...."); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983) ("Removability should be determined according to the plaintiff's pleading at the time of the [notice of] removal.") (internal quotes omitted).

Noting these precedents, the Court invited Allianz to support the proposition that

complete diversity exists when, at the time of removal, a plaintiff has moved to dismiss non-diverse defendants but the state court has not ruled on the motion. Allianz did not directly respond, but it notes that: (1) neither the non-diverse defendants nor Allianz opposed the motion to dismiss; (2) the motion was due to be granted; and (3) the motion was in fact granted by the state court six weeks after removal. (Doc. 14 at 2). No argument accompanies these points.

The first two circumstances may suggest that, at the moment of removal, complete diversity was likely to arise, but they do not establish that probable, future complete diversity is a legal substitute for actual, present complete diversity. That the state court, post-removal, granted the motion changes nothing, both because the action comes too late and because, following removal, the state court had no jurisdiction over the case and thus no ability to rule on the motion.[1]

"In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Friedman v. New York Life Insurance Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005). Allianz has not met its burden. Even if there were any doubt on the matter, "all doubts about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

For the reasons set forth above, this action is **remanded** to the Circuit Court of Dallas County.

DONE and ORDERED this 15th day of December, 2008.

---

[1] 28 U.S.C. § 1446(d) (after the removing defendant files a notice of removal and files a copy with the clerk of the state court, "the State court shall proceed no further unless and until the case is remanded"); *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994) ("Thus, the clear language of the general removal statute provides that the state court loses jurisdiction upon the filing of a petition for removal.").

<u>s/ WILLIAM H. STEELE</u>  
UNITED STATES DISTRICT JUDGE
